JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 5126**

------------------------------------------------------X

JOHNNY DIAZ, )
)
Plaintiff, )  **COMPLAINT**
)
-against- )  **JURY TRIAL DEMANDED**
)
THE CITY OF NEW YORK; POLICE )
DETECTIVE TYRONE VIRUET, Shield No. )
05654, UNDERCOVER OFFICER # C0243; )
UNDERCOVER OFFICER # 39; POLICE )
LIEUTENANT ANTONIO QUIROS; POLICE )
DETECTIVE CHRISTOPHER HEREDIA, Shield )
No. 01339, JOHN DOES; and RICHARD ROES, )
)
Defendants. )
------------------------------------------------------X

**RECEIVED**
JUL 09 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.       This is a civil rights action in which the plaintiff JOHNNY DIAZ seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments.

Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable

and just.

## JURISDICTION

2.       This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.       Plaintiff demands a trial by jury on each and every one of his claims as pleaded

herein.

## VENUE

4.       Venue is proper for the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.       Plaintiff JOHNNY DIAZ was at all times relevant herein a resident of the State of

New York, Bronx County.  Plaintiff JOHNNY DIAZ is Latino.

6.       Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police

Department.

7.       Defendants POLICE DETECTIVE TYRONE VIRUET, UNDERCOVER

2

OFFICER # C0243, UNDERCOVER OFFICER # 39, POLICE LIEUTENANT ANTONIO QUIROS, POLICE DETECTIVE CHRISTOPHER HEREDIA, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE DETECTIVE TYRONE VIRUET, UNDERCOVER OFFICER # C0243, UNDERCOVER OFFICER # 39, POLICE LIEUTENANT ANTONIO QUIROS, POLICE DETECTIVE CHRISTOPHER HEREDIA, and JOHN DOES are sued individually.

8.     Defendants POLICE LIEUTENANT ANTONIO QUIROS and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

3

performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE LIEUTENANT ANTONIO QUIROS and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

9.    On August 16, 2011, approximately 6:15 p.m., Plaintiff was in the area of 109th Street and Lexington Avenue.

10.    Plaintiff was walking in his neighborhood, and was not engaging in any illegal activity.

11.    Plaintiff did not exchange money or objects with anyone on that day.

12.    Plaintiff did not interact, to the best of his knowledge, with any undercover officer of the NYPD on that day prior to his arrest.

13.    UNDERCOVER OFFICER # C0243 was working in the neighborhood with JOHN DOES members of his field team as part of the NYPD's Narcotics Borough Manhattan North, including UNDERCOVER OFFICER # 39 and, on information and belief, POLICE DETECTIVE TYRONE VIRUET, POLICE LIEUTENANT ANTONIO QUIROS, and POLICE DETECTIVE CHRISTOPHER HEREDIA.

14.    UNDERCOVER OFFICER # C0243 gave a signal for JOHN DOES members of his field team to arrest Plaintiff, and Plaintiff was arrested.

15.    UNDERCOVER OFFICER #C0243 made a false confirmatory identification of Plaintiff shortly after his arrest, falsely identifying Plaintiff as an individual with whom he had had a drug transaction.

16.    Plaintiff was taken to the NYPD Narcotics Borough Manhattan North, which is

located, on information and belief, within the NYPD 25th Precinct.

17.    Plaintiff was subjected to a strip-search at the NYPD Narcotics Borough Manhattan North, in which he was required to remove all his clothes, bend down and squat, and spread his buttocks and lift his testicles for a visual inspection by the police.

18.    POLICE DETECTIVE TYRONE VIRUET was assigned as Plaintiff's arresting officer.

19.    POLICE LIEUTENANT ANTONIO QUIROS was the supervisor who signed the field test report concerning the 2 glassine packets of alleged heroin that Plaintiff was falsely accused of selling to UNDERCOVER OFFICER # C0243.

20.    POLICE DETECTIVE CHRISTOPHER HEREDIA was the officer who vouchered Plaintiff's property.

21.    From the NYPD Narcotics Borough Manhattan North Plaintiff was taken to Manhattan Central Booking.

22.    Plaintiff was initially falsely charged with a felony, Criminal Sale of a Controlled Substance in the Third Degree, in violation of NY State Penal Law § 220.39(1).

23.    POLICE DETECTIVE TYRONE VIRUET is the deponent on the Criminal Court complaint that was lodged against Plaintiff, in which he states that he is informed by UNDERCOVER OFFICER #C0243 that Plaintiff, in conjunction with another individual, engaged in a drug transaction by giving UNDERCOVER OFFICER #C0243 heroin in exchange for money.  It was alleged in the Criminal Court Complaint that UNDERCOVER OFFICER #C0243 handed Plaintiff money, and that Plaintiff handed the money to the other individual (who was also falsely arrested and falsely charged), and then entered 1760 Lexington Avenue and then

5

exited, and then handed UNDERCOVER OFFICER #C0243 a quantity of heroin.

24.     These allegations are lies.

25.     Plaintiff had nothing to do with any drug transaction on August 16, 2011.

26.     Bail was set at Plaintiff's arraignment, and Plaintiff was unable to make bail.

27.     Plaintiff was subsequently indicted and charged with Criminal Sale of a Controlled Substance in or Near School Grounds, in violation of New York State Penal Law § 220.44(2), in addition to the charge of Criminal Sale of a Controlled Substance in the Third Degree, in violation of NY State Penal Law § 220.39(1).

28.     In dismissing the charges against the other individual who was falsely arrested and charged along with Plaintiff, the District Attorney's office noted that "[c]ontrary to the information contained in the DA datasheet and the criminal complaint, when the witnesses [UNDERCOVER OFFICER #C0243 and UNDERCOVER OFFICER #39] were directly interviewed by the ADA [Assistant District Attorney], no money or drugs were observed exchanged between Diaz and the defendant [the other individual].  Furthermore, the defendant did not have any stash or pre-recorded buy money on his person when he was arrested."

29.     Plaintiff also had no pre-recorded buy money, or drugs of any kind, on his person when he was arrested.

30.     The DA Data Sheet from the DA's office's initial interview with UNDERCOVER OFFICER #C0243 and POLICE DETECTIVE TYRONE VIRUET states that the officers claimed that UNDERCOVER OFFICER #C0243 handed Plaintiff $20 of pre-recorded buy money.

31.     The police property voucher from Plaintiff's arrest on August 16, 2011 indicates,

however, that the only money Plaintiff had on him when he was arrested was eight $1 bills.

32.     No drug "stash" in, or in the vicinity of, 1760 Lexington Avenue was ever identified by the defendants in relation to Plaintiff or the other arrested individual.

33.     On information and belief, Plaintiff was released from custody on May 7, 2012, almost 9 months following his arrest.

34.     All charges against Plaintiff were dismissed in their entirety on May 8, 2012.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36.     By their conduct and actions in seizing plaintiff, searching and strip-searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating evidence concerning plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants POLICE DETECTIVE TYRONE VIRUET, UNDERCOVER OFFICER # C0243, UNDERCOVER OFFICER # 39, POLICE LIEUTENANT ANTONIO QUIROS, POLICE DETECTIVE CHRISTOPHER HEREDIA, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

37.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE LIEUTENANT ANTONIO QUIROS and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

40.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

41.     The plaintiff incorporates by reference the allegations set forth in all previous

8

Paragraphs as if fully set forth herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests and prosecutions, which are implemented disproportionately upon people of

9

color.  These policies, practices, customs and/or usages are particularly pronounced with regard to the policing activities of the Narcotics Division, and in particular of the Narcotics Borough Manhattan North.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.


WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            July 9, 2014

                                JEFFREY A. ROTHMAN, Esq.
                                315 Broadway, Suite 200
                                New York, New York 10007
                                (212) 227-2980

                                Attorney for Plaintiff